**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                   :
LADERICK PITTMAN,                  :
                                   :   Civil Action No.
         Petitioner,               :      10-5057 (RMB)
                                   :
    v.                             :
                                   :
DONNA ZICKEFOOSE,                  :   **MEMORANDUM OPINION AND ORDER**
                                   :
         Respondent.               :
_____:


      This matter comes before this Court upon Petitioner's filing of a document titled "Addendum to the Writ of Habeas Corpus Pursuant to Federal Rules of Civil Procedure Rule 59(e)," see Docket Entry No. 7, which the Court construes as Petitioner's motion seeking reconsideration of the Court's previous judgment, and it appearing that:

1. The lengthy procedural history of this matter was already detailed by this Court in its prior decision, docketed as Docket Entry No. 6, and requires no recital in this Memorandum Opinion and Order.  Therefore, it shall suffice to state that Petitioner filed a § 2241 petition asserting that he was unduly sanctioned to loss of good-conduct-time ("GCT") credit. See Docket Entry No. 1.

2. Specifically, Petitioner asserted that during Petitioner's out-of-state confinement at the Eastern District of Virginia,

Petitioner's quotas were subjected to a routine search; as a result of that search, an illegal cell-phone and a multitude of other contraband items were discovered inside Petitioner's cooler. During the disciplinary proceeding that followed, Petitioner admitted that all contraband items, including the cell-phone, were his, and he conceded that these items were held by him in known violation of the BOP regulations. However, when Petitioner was disciplined on the grounds of his possession of an illegal cell-phone, and – for this particular violation – was subjected, under the BOP code 108, to loss of GCT credits, Petitioner elected to challenge that particular disciplinary measure.  In support of his challenge, Petitioner asserted that – while he was indeed aware that possession of an illegal cell-phone was a sanctionable offence – Petitioner was committing that particular disciplinary infringement with the hope that, if he were caught, he would be sanctioned under BOP code 305 (which envisioned more lenient sanctions and did not entail loss of GCT credits).  In conjunction with the foregoing, Petitioner argued he should have been provided an express notice by the BOP that his possession of an illegal cell-phone might be sanctioned under code 108 (rather than code 305) and, without having such express notice, Petitioner was denied his due process rights because he could not conduct a "precise cost-benefit analysis" of the infringement he was

      committing. See Docket Entry No. 6 (detailing Petitioner's claims). Petitioner, therefore, sought to have his GCT credits restored and the very fact of his disciplinary infringement, which he admitted committing, expunged from his prison records. See Docket Entry No. 1.

3. On October 20, 2010, this Court dismissed the Petition. See Docket Entry No. 6. The Court detailed to Petitioner the invalidity of his application for expungement, see id. at 10-11, and also explained to Petitioner, in detail, that Petitioner's due process rights were not violated by lack of notice as to the specific BOP code, under which he could be sanctioned for possession of an illegal cell-phone. The Court held that the general notice that such illegal possession of a cell-phone amounted to a sanctionable disciplinary infringement was sufficient to uphold the particular code applied – and the particular sanction selected – by the BOP.[1] See id. at 11-18 (providing an exhaustive discussion of the governing legal regime, relevant Court of Appeals' decisions, findings made by federal courts nation-wide, the limited scope of applicable notice requirement, etc.). Correspondingly, the Court dismissed the Petition on its merits, finding that

---

[1] In addition, the Court concluded that Petitioner's challenges were procedurally defaulted but found it in the interests of justice to address the merits of Petitioner's claims. See Docket Entry No. 6, at 8-9.

        Petitioner was not entitled to habeas relief. See generally, Docket Entry No. 6.

4. This Court's decision in this matter has been followed by analogous cases filed in this District, see, e.g., Bouchard v. Shartle, 2011 U.S. Dist. LEXIS 68786 (D.N.J. June 27, 2011); Robinson v. Shartle, 2011 U.S. Dist. LEXIS 67063 (D.N.J. June 6, 2011); Smith v. Zickefoose, 2011 U.S. Dist. LEXIS 66954 (D.N.J. June 6, 2011); Santana v. Fed. Bureau of Prisons, 2011 U.S. Dist. LEXIS 66956 (D.N.J. June 6, 2011); Ortiz v. Zickefoose, 2011 U.S. Dist. LEXIS 47376 (D.N.J. May 3, 2011); Robinson v. Kirby, 2011 U.S. Dist. LEXIS 30850 (D.N.J. Mar. 23, 2011); Ramirez v. Zickefoose, 2011 U.S. Dist. LEXIS 29779 (D.N.J. Mar. 21, 2011); Hudson v. Zickefoose, 2010 U.S. Dist. LEXIS 120936 (D.N.J. Nov. 15, 2010).

5. Seven months after having his Petition dismissed, Petitioner filed the motion at bar challenging this Court's determination. See Docket Entry No. 7. The motion, a 16-page single-spaced document, expressed Petitioner's opinion that this Court dismissed the Petition without addressing it on its merits; the motion also stated Petitioner's belief that the Court violated his rights by relying on and citing irrelevant precedents, including the decisions entered by the United States Supreme Court, and proclaimed that this Court's decision dismissing the Petition was, in Petitioner's opinion,

"void."  See generally, id.

6. Petitioner's motion does not warrant reconsideration of this Court's prior determination. To start, the motion is untimely. In the District of New Jersey, Local Civil Rule 7.1(i), formerly 7.1(g), governs motions for reconsideration. See Byrne v. Calastro, 2006 U.S. Dist. LEXIS 64054 (D.N.J. Aug. 28, 2006). The Rule provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge . . . ." L. Civ. R. 7.1(I). Here, the motion was filed seven months after this Court issued its decision. Therefore, the motion is subject to dismissal as untimely, even without the Court's examination of its merits.

7. However, being mindful of Petitioner's pro se status, the Court finds it warranted to address the merits of his motion regardless of the fact that it is untimely. A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[2] and (d) to accord the decision to an intervening

---

[2] In the context of a motion to reconsider, the term "manifest injustice" "[generally . . . means that the Court overlooked some dispositive factual or legal matter that was

change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998).  In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275

---

presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco, that is, the need "to correct manifest errors of law or fact upon which the judgment was based."  Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'"  Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)).  "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error."  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996).

(D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").

8. Here, even a cursory review of Petitioner's motion indicates that reconsideration of this Court's prior decision is unwarranted. Indeed, Petitioner's motion verifies that: (a) the Court did not commit any errors of law or fact upon which it based its judgment;[3] (b) Petitioner offered this Court no newly-discovered or previously unavailable evidence; (c) he made no assertion indicating that this Court committed any error, moreover, plain error; and (d) he did not suggest that

---

[3] Moreover, Petitioner's statement that this Court dismissed his Petition without addressing the merits of his claim is inaccurate because this Court's lengthy decision addressed the merits of Petitioner's challenges.

there was an intervening change in prevailing law, and this Court, on its own, is aware of no such change.[4]  Rather, Petitioner's lengthy motion merely indicated that Petitioner disagreed with this Court's conclusions.  However, a disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See Assisted Living, 996 F. Supp. at 442.  Therefore, Petitioner's motion will be denied as not warranting reconsideration of this Court's prior determination.

IT IS, therefore, on this **5th** day of **October 2011**,

**ORDERED** that the Clerk shall reopen this action for the Court's examination of Petitioner's motion for reconsideration, Docket Entry No. 7, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's motion for reconsideration is granted in form and denied in substance,[5] and this Court's prior

---

[4] Petitioner's statement that he considers this Court's decision "void" is not an intervening change cognizable within the meaning of Rule 59.

[5] The Court of Appeals guided that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion.  See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110 at *2-3, n.1 (3d Cir. 2008). However, the very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for

determination shall remain in force, and Petitioner's challenges shall remain dismissed on merits, as not warranting habeas relief; and it is further

**ORDERED** that this Court withdraws its jurisdiction over this matter; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

**ORDERED** that the Clerk shall close this action by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED."

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**

---

reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's decision previously reached upon examination of the original application.  See id.