**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                               :
LADERICK PITTMAN,              :
                               :         Civil Action No.
             Petitioner,       :           10-5057 (RMB)
                               :
        v.                     :
                               :
DONNA ZICKEFOOSE,              :         **MEMORANDUM OPINION AND ORDER**
                               :
             Respondent.       :
_____:


IT APPEARING THAT:

1.  On September 27, 2010, Petitioner filed a § 2241 petition.

    See Docket Entry No. 1.

2.  On October 20, 2010, the Court dismissed the petition

    explaining, in great detail, why Petitioner was not entitled

    to habeas relief.  See Docket Entry No. 6.

3.  On May 16, 2011, Petitioner filed a motion for reconsideration

    of the Court's determination, titling that motion "Addendum to

    the Writ of Habeas."  See Docket Entry No. 7.

4.  On October 5, 2011, this Court denied this request for

    reconsideration analogously explaining, in great detail, why

    Petitioner's motion was granted in form and denied in

    substance.  See Docket Entry No. 8.

5.  On October 11, 2011, Petitioner submitted another motion for

    reconsideration, titling that motion "Addendum to the Writ of

Habeas Second Submission."   <u>See</u> Docket Entry No. 9. Petitioner's latest motion for reconsideration presents a virtual replica of Petitioner's prior, already denied, motion for reconsideration.

6.   Pursuant to the doctrine of <u>res judicata</u>, a determination on the merits involving the same parties or their privies bars a latter re-adjudication of the same.   <u>See</u> <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir.1991).   The purpose of <u>res judicata</u> doctrine is to avoid "relitigation of the same claims, expense to litigants and inconsistent results."[1] <u>Avins v. Moll</u>, 610 F. Supp. 308, 316 (D.C. Pa. 1984); <u>see</u> <u>also</u> <u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979); <u>Jett v. Beech Interplex, Inc.</u>, 2004 U.S. Dist. LEXIS 13352, at * 2 (E.D. Pa. July 15, 2004) ("The purposes underlying the doctrine are to conserve judicial resources, establish certainty and respect for court judgments, and to protect the party that relies on prior adjudication from vexatious litigation").   The three prong test for the application of <u>res judicata</u> requires: "(1) a final judgment on the merits in a prior suit involving (2)

---

[1]   <u>See</u> <u>M & M Stone Co. v. Pennsylvania</u>, 388 Fed. App'x 156, 159 (3d Cir. 2010) ("We consider the principles of issue preclusion and collateral estoppel to be synonymous.  While the parties use the terms interchangeably, for the sake of clarity and consistency, we use only the former term.  We consider the separate concept of claim preclusion to be a subset of the broader concept of res judicata") (citing <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1984)).

the same claim and (3) the same parties or their privies."
EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990).
Importantly, "res judicata will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'" Jett, 2004 U.S. Dist. LEXIS 13352, at * 2.  Here, Petitioner's position raised in his first motion for reconsideration was already adjudicated, and his motion art bar merely repeats the very same position.  However, Petitioner cannot seek relitigation of the same.  As the Court already explained in its decision with regard to Petitioner's first motion for reconsideration, in the event Petitioner is dissatisfied with this Court's ruling, his remedy is an appellate application rather than an application seeking relitigation of the already resolved matter before this Court.

IT IS, therefore, on this **28th** day of **November 2011**,

**ORDERED** that the Clerk shall reopen this action for the Court's examination of Petitioner's second motion for reconsideration, Docket Entry No. 9, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's second motion for reconsideration, Docket Entry No. 9, is denied both in form and in substance, and

this Court's prior determination shall remain in force, and Petitioner's challenges shall remain dismissed on merits, as not warranting habeas relief; and it is further

    **ORDERED** that this Court withdraws its jurisdiction over this matter; and it is further

    **ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

    **ORDERED** that the Clerk shall close this action by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED."


s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**